## Burris v. Mowbray

*David E. Auerbach,* for plaintiff.
*Joseph B. Van Wyk,* for defendant.

BLOOM, *J.,* April 24, 1981—Plaintiff and defendant are partners in a boiler repair business, said partnership having been formed on April 20, 1963. In the partnership agreement was a provision dealing with disagreements on respect to conducting the business. Paragraph 13 of the said agreement provided in part:

"If any disagreement shall arise between the parties hereto in respect to the conduct of the business, its dissolution, or in respect to any manner, thing or cause whatsoever not herein otherwise provided for, the same shall be decided and determined by the arbitrators . . . "

Sometime in 1980, the partners decided to terminate their relationship. In October, defendant notified plaintiff of his intention and chose his arbitrator. Plaintiff also chose an arbitrator, the third arbitrator to be chosen by the first two.

Plaintiff alleges that the parties, on or about November 28, 1980, agreed that defendant would purchase plaintiff's share of the ongoing business for $30,000 provided an appraisal of the partnership property did not greatly exceed $30,000. Such appraisal was done and the value of the real estate was placed at $32,000. Subsequently, defendant notified plaintiff that he would not abide by the alleged agreement.

Plaintiff filed this action in equity for specific performance and to enjoin the arbitrators from proceeding. Defendant filed preliminary objections which are the cause of this opinion.

Defendant, by way of his preliminary objections, states that this matter is controlled by the Statute of Frauds, in particular 12 P.S. §2-201 which provides in part:

"A contract for the sale of goods for the price of $500 or more is not enforceable by way of an action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against when enforcement is sought . . . "

Plaintiff alleges that the sales price of his one-half interest in the business was $30,000 and that the sale is not governed by the statute of frauds and cites the case of Matchey, et al v. Cott Bottling Co., 25 Fayette 154 (1964), in which the court held that the sale of a distributorship with its inventory was not a sale of goods.

This case differs from the case at bar in that, in Matchey, supra, the court was dealing with the right to distribute a separate product. This right would on and of itself, carry a value and the inventory was just incidental to the sale.

Also, the United States Court of Appeals for the Third Circuit in DeFilipio v. Ford Motor Company, 516 F. 2d 1313 (1975), on deciding a similar case, applying 12 A P.S. §2-201, held that where no value is assigned to the good will and where no value is assigned to the going business, the sale of a car agency along with its inventory is a sale within the statute of frauds.

1. The record indicates that the sale included real estate valued at $32,000.

2. Plaintiff alleges that the sales price was to $30,000.

3. That no value has been assigned to goodwill.

4. That no value has been assigned to the business as a going concern.

5. Plaintiff was to sell his one-half interest on the business to defendant.

6. Assuming that plaintiff's interest included one-half of the real estate valued at $32,000, one-half of which would be $16,000, the remainder of the purchase price must have been for the assets of the business.

7. Since the sales price $30,000 less $16,000 (value of one-half interest on real estate) equals $14,000 which is in excess of the $500 limit on 12 P.S. §2-201, the sale is governed by the statute of frauds.

Since the alleged sale included goods, the value of which exceeds $500 and plaintiff fails to allege any writing, the alleged contract falls within the statute of frauds and is unenforceable by this action. An oral contract within the statute of frauds is not enforceable by specific performance, unless the plaintiff sets forth facts to take it out of the operation of the statute: Rosenblum v. Allentown Supply Co., Inc., 26 Lehigh 286 (1955).

Therefore, we enter the following

## ORDER

And now, April 24, 1981, after consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that the preliminary objections are sustained and the parties are ordered to proceed in arbitration.